■ In the Matter of ASSOCIATION FOR THE PRESERVATION OF FREEDOM OF CHOICE, INC., Petitioner, v. J. IRWIN SHAPIRO, as Acting Justice of the

Supreme Court, Queens County, Respondent.— This is a proceeding under article 78 of the Civil Practice Act, by petitioner, a foreign corporation existing under the laws of the District of Columbia, to direct respondent as an Acting Justice of the Supreme Court, to approve a proposed certificate of incorporation by its members to form a new membership corporation in this State, pursuant to statute (Membership Corporations Law, § 10); and to approve its proposed certificate of authorization to do business in this State, pursuant to statute (General Corporation Law, § 211, subd. 2). The proceeding was based originally on a petition verified March 21, 1960. Upon motion, on April 18, 1960 we dismissed the petition as insufficient in law (10 A D 2d 873). On March 30, 1961, the Court of Appeals reversed our order, stated that approval should be granted and remitted the matter to us for further proceedings consistent with its opinion (9 N Y 2d 376). Thereafter, before any action was taken on such remittitur, petitioner filed an amended petition, verified August 18, 1961, setting forth two causes of action. The filing of such amended petition precluded action on the remittitur based on the original petition; and, accordingly, on October 23, 1961 we granted leave to respondent to answer the amended petition or to make any appropriate motion with respect thereto (14 A D 2d 800). The original petition and the amended petition seek somewhat different relief. In the original petition petitioner sought to compel respondent to approve the certificates and to revoke or expunge the opinions which he had rendered incident to his prior disapproval (17 Misc 2d 1012; 18 Misc 2d 534). In the amended petition, petitioner still seeks the same relief; however, it also asks, in an added second cause of action, that this court take disciplinary action against respondent on the ground that such opinions contain untrue defamatory statements concerning petitioner and its members. Respondent, in accordance with the permission granted in our last decision (14 A D 2d 800), has both interposed an answer to the amended petition and moved, pursuant to rules 112 and 103 of the Rules of Civil Practice and section 1293 of the Civil Practice Act, for omnibus relief, including judgment on the pleadings directing him to grant approval of the proposed certificates and dismissing the amended petition in all other respects. Petitioner has cross-moved, under rules 112 and 113 of the Rules of Civil Practice, to direct respondent to revoke and retract his two previous opinions; to permit petitioner to apply to any Justice of the Supreme Court, instead of to respondent, for approval of the proposed certificates; and to censure respondent for his actions or to send the second cause of action to a Referee for hearing. Petitioner's cross motion is denied in all respects. Respondent's motion is granted to the extent of dismissing the amended petition as a matter of law, pursuant to section 1293 of the Civil Practice Act and rule 112 of the Rules of Civil Practice; in all other respects the respondent's motion is denied. Insofar as the amended petition seeks to discipline respondent, it is insufficient. While we believe that it fails to present any proper basis for disciplining respondent, this court in any event has no such power. Insofar as the amended petition seeks to compel respondent, as an acting Justice of the Supreme Court, to approve the certificates, it is likewise insufficient. Respondent is now *functus officio* as a Justice of the Supreme Court; he is a County Judge of Queens County, an office to which he was elected as of January 1, 1962. Accordingly, the amended petition is dismissed, without costs, and without prejudice to such further action as petitioner may be advised. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.